(78 Misc. Rep. 42.)

### PRICE v. CREME DE MOHR CO.

(Supreme Court, Appellate Term, First Department. October 23, 1912.)

1. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—WITNESSES—EXAMINATION—CONTEMPT.

Where a witness in supplementary proceedings testified to the place of business of the judgment debtor until it went out of business, furnished a statement of its property, and produced the debtor's books, which disclosed that there were no outstanding accounts, an order adjudging the witness in contempt because he denied knowledge as to where the debtor was located, where it had its place of business, and denied any knowledge as to its property or accounts, was unsustainable.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200, Dec. Dig. § 417.*]

2. EXECUTION (§ 417*)—SUPPLEMENTARY PROCEEDINGS—WITNESSES—EXAMINATION.

Where a witness in supplementary proceedings answered all questions put to him in the actual presence of the court, he was not punishable for contempt because during the court's absence he refused to testify as to whether another corporation of which he was an officer had any property belonging to the judgment debtor.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1197–1200; Dec. Dig. § 417.*]

3. EXECUTION (§ 398*)—SUPPLEMENTARY PROCEEDINGS—EXAMINATION—REFUSAL TO ANSWER QUESTIONS.

A witness in supplementary proceedings is entitled to refuse to answer questions considered by him to be improper until such time as the court shall direct him to answer.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 1150–1152, 1155; Dec. Dig. § 398.*]

Appeal from City Court of New York, Special Term.

In the matter of proceedings supplementary to execution by Francis C. Price against the Creme De Mohr Company. From an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

order adjudging Siegfried Mohr in contempt for refusing to answer certain questions, he appeals. Reversed.

Argued October term, 1912, before SEABURY, GUY, and BIJUR, JJ.

Louis J. Rosett, of New York City (Allan A. Deutsch, of New York City, of counsel), for appellant.

Edward Endelman, of New York City, for respondent.

SEABURY, J.　[1] The appellant appeals from an order adjudging him in contempt and fining him $250 and $30 costs. Pursuant to an order of a justice of the City Court, the appellant appeared and submitted to examination in proceedings supplementary to execution. The order adjudging the appellant in contempt recites that he denied knowledge as to where the company, the judgment debtor, with which he was connected as an officer, was located, and where it had its place of business, and denied any knowledge as to the property of the company or as to its outstanding accounts, and that his entire testimony shows a refusal to make discovery as to the property of the judgment debtor. An examination of the appellant's testimony does not sustain these recitals contained in the order. He testified as to the place of business of the judgment debtor until it went out of business, and furnished a statement of its property. As to the outstanding accounts, the witness produced the books of the judgment debtor, which disclosed that there were no outstanding accounts.

[2] In the respects mentioned we think that the testimony of the appellant does not sustain the recitals contained in the order adjudging him in contempt. The order appealed from also recites that:

"When he (appellant) was asked as to whether he knew that the Mohr Chemical Company had any property belonging to the defendant judgment debtor, he refused to answer and affirmatively stated: 'I will not answer, and you needn't ask me any questions whatever about the Mohr Chemical Company. I refuse to tell you anything at all about the Mohr Chemical Company.' "

The record shows that, when the appellant made this statement in response to a question of the attorney for the judgment creditor, it was not made in the actual presence of the court, and after his examination he was taken before the justice, and, so far as the record shows, he then answered all questions which the justice required him to answer. If contempt proceedings were to be predicated upon the appellant's refusal to answer, the questions should have been put to him in the presence of the court. If this had been done, and the court had then directed him to answer and he had refused so to do, a basis for the contempt proceedings would have been laid.

[3] At the time of the examination, the appellant was not represented by counsel, and, if he thought the questions of the attorney for the judgment creditor improper, he had the right to re-

fuse to answer them until such time as the court should direct him to answer. There is nothing in the record to show that the court gave him such a direction. On the contrary, as has been said, it appears that, when he was brought before the court, he answered all the questions which the court directed him to answer. There is also grave doubt, to say the least, whether on an examination of a treasurer of one company, as such, he may properly be examined as to the affairs of another company of which he happens to be manager. The record does not justify the recitals contained in the order, or establish that the appellant did any act for which he was liable to be punished for contempt.

Order reversed, with $10 costs and disbursements, and motion denied. All concur.